NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

SAMUEL RHYNER, *Appellant.*

No. 1 CA-CR 24-0312

FILED 05-13-2025

Appeal from the Superior Court in Maricopa County
No. CR2021-001352-001
The Honorable Sunita Cairo, Judge

**AFFIRMED**

COUNSEL

Arizona County Attorney's Office, Phoenix
By Joseph Newberg
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mikel Steinfeld
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Judge Daniel J. Kiley joined.

_____

**W E I N Z W E I G**, Judge:

¶1           Samuel D. Rhyner appeals his convictions and sentences for six counts of sexual conduct with a minor, two counts of kidnapping, two counts of molestation of a child and one count of sexual abuse. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2           We view and recount the facts in the light most favorable to sustaining the jury verdicts, *see State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013), using pseudonyms to protect the victims' identities, *see* Ariz. R. Sup. Ct. 111(i).

¶3           Jane is Rhyner's youngest daughter from his first marriage. Rhyner sexually abused Jane beginning when she was four or five, and it continued for over a decade. At first, he fondled her breasts and penetrated her vagina with his finger. Later, he covered Jane's eyes with a belt, tied her hands together and forced her to perform oral sex on him. He did this "pretty often." Rhyner eventually had sexual intercourse with Jane and told her to "shut up" when she asked him to stop. He also threatened to beat Jane if she told anyone about the abuse.

¶4           Rhyner divorced his first wife and married his second ("Second Wife") about four years later. Second Wife had a daughter, Sophie, who shared a bedroom with Jane. When Sophie was eight, Rhyner sexually abused her for the first time, penetrating her vagina and anus with his finger. He repeated this behavior multiple times for about a year. Sophie delayed reporting the abuse, fearing Rhyner would hurt her mother in retaliation.

¶5           The State charged Rhyner with seven counts of sexual conduct with a minor, two counts of kidnapping, two counts of molestation of a child, and two counts of sexual abuse, all dangerous crimes against children.

**¶6**         A jury trial was held.  During trial, the State asked Second Wife whether Rhyner ever exhibited "red flag[s]," to which she replied:

> I know that after [Rhyner's] mom died he became very aggressive. He just was never happy. There was just a lot of instances that happened. Every house that we lived in had a hole in the wall from him just being upset, so it was a really, really hard time for everybody.

Rhyner did not object to this question or answer.

**¶7**         The State voluntarily dismissed one count of sexual conduct with a minor and one count of sexual abuse.  The jury found Rhyner guilty on all remaining counts, and the superior court sentenced him to six consecutive life terms for his sexual-conduct-with-a-minor convictions and another seventy-three consecutive years for his other convictions.  Rhyner timely appealed.  We have jurisdiction.  A.R.S. §§ 12-120.21(A)(1), 13-4031, -4033(A)(1).

## DISCUSSION

**¶8**         Rhyner argues the superior court should have excluded Second Wife's testimony as improper character evidence under Arizona Rule of Evidence 404(b).  Rhyner did not object at trial, so we review for fundamental error.  *See State v. Escalante*, 245 Ariz. 135, 140, ¶ 12 (2018).  Rhyner must show the alleged error is both fundamental and prejudicial.  *Id.*

**¶9**         Under Rule 404(b), evidence of a prior bad act "is not admissible to prove the character of a person in order to show action in conformity therewith."  Ariz. R. Evid. 404(b)(1).  Such evidence is admissible, however, "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  Ariz. R. Evid. 404(b)(2).  This list is not exhaustive; prior bad act evidence is admissible "for any purpose other than that of showing the defendant's criminal propensities."  *State v. Jeffers*, 135 Ariz. 404, 417 (1983).  Still, evidence of an act otherwise admissible under Rule 404(b) may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.  Ariz. R. Evid. 403; *State v. Anthony*, 218 Ariz. 439, 444, ¶ 33 (2008).

**¶10**         We discern no error.  Second Wife's testimony clarifies why Jane and Sophie waited years to report the abuse: They had witnessed Rhyner's violence firsthand and feared he would retaliate.  The testimony

was offered to support the children's fear of retaliation and to explain the delay in reporting, not to show Rhyner was predisposed to violence. *See* Ariz. R. Evid. 404(b) (excluding only bad act evidence introduced to show propensity). And any prejudice does not substantially outweigh this probative value. *See* Ariz. R. Evid. 403; *State v. Moran*, 151 Ariz. 378, 382 (1986) (testimony is not unfairly prejudicial just because it may "harm defendant's interests").

## CONCLUSION

¶11　　　　We affirm.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:　　　　JR